AMICA MUTUAL INSURANCE COMPANY *v.*
LYNNE BROWN

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 993

Argued November 20, 1980 — decided February 20, 1981

*James A. Wade,* for the appellant (defendant).

*Robert B. Yules,* for the appellee (plaintiff).

DALY, J.  This action was brought by the plaintiff, an insurance company, for reimbursement of basic reparations benefits paid to the defendant under the no-fault provisions of an automobile insurance policy. The defendant had been injured when the automobile she was driving was struck by an automobile driven by one Eileen Lempeck.  The plaintiff paid the defendant $2480.60 in basic reparations benefits for lost wages and expenses incurred for medical treatment and household help.   Subsequently, the defendant

recovered $12,500 by way of a settlement with Lempeck. The plaintiff sought reimbursement, pursuant to General Statutes § 38-325 (b),[1] for the reparations benefits it had paid to the defendant. When the defendant requested that the plaintiff pay a proportionate amount of the legal fees and expenses incurred in obtaining the settlement, the plaintiff brought this action. The trial court granted summary judgment for the plaintiff, from which the defendant has appealed.

The sole issue presented in this case is whether an insurance carrier is entitled to be wholly reimbursed for basic reparations payments made to an insured who settles her claim against a third party. General Statutes § 38-325 (b) provides that the insurance carrier is entitled to reimbursement for basic reparations benefits paid to an insured who "recovers damages from the owner . . . of a private passenger motor vehicle with respect to which security has been provided under this chapter . . . ." The defendant argues that the settlement of a disputed claim is not equivalent to recovering damages within the meaning of the statute.

A similar claim was raised in *Simmons* v. *United States Fidelity & Guaranty Co.*, 35 Conn. Sup. 664, 405 A.2d 675 (1978). In that case we found a legislative intent to apply the phrase "recovers

---

[1] General Statutes § 38-325 provided: "(b) Whenever a person who receives basic reparations benefits for an injury recovers damages from the owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided under this chapter or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid and the insurer shall have a lien on the claimant's recovery to such extent."

Public Acts 1980, No. 80-131, amended this statute by inserting "either by judgment or settlement" after "damages" and by providing that an insured may deduct "an amount which represents the insurer's contribution toward attorney's fees" from the amount reimbursed to the insurance company.

damages" to settlements as well as to judgments. We also held that under § 38-325 (b), as it existed prior to amendment by Public Acts 1980, No. 80-131, the insured was not permitted to deduct a pro rata share of attorney's fees from the amount reimbursed to the insurance company. The same resolution of these issues was reached in *Safeco Ins. Co. of America* v. *Parillo,* Appellate Session of the Superior Court, File No. 653, April 27, 1979, cert. denied, 177 Conn. 757, 402 A.2d 800 (1979). Since the Supreme Court has denied certification for appeal in *Safeco,* we see no cogent reason for changing our position on this issue.

There is no error.

In this opinion ARMENTANO and BIELUCH, Js., concurred.